[No. 4238.]

## EATON v. THE PEOPLE.

1. **Statutory Construction—Public Highways—Obstruction—Damage by Water—Remedy.**

    Section 1357, Mills' Ann. Stats., making it an offense to obstruct or injure a public highway and providing a penalty therefor, so far as it relates to an obstruction or injury which results in damage caused by turning waste water, or the water from any ditch, road, drain or flume, or other place, so that it flows in or upon any such highway, was repealed by section 3960 Mills' Ann. Stats. and for damage to a highway under section 3960 no criminal prosecution can be maintained, but the only remedy is by a civil action for damage, as provided in section 3963 Mills' Ann. Stats.

2. **Public Highways—Obstruction—Damage by Water—Nuisance.**

    In a criminal prosecution for obstructing a public highway by allowing water to overflow from a certain pond upon and over said highway, where it was neither alleged nor proved that defendant built, or was the owner, or in control of the pond, an order abating such pond as a nuisance was erroneous, even if such judgment could be entered in this kind of action.

*Error to the County Court of Weld County.*

Mr. JAMES W. McCREERY, and Mr. H. E. CHURCHILL, for plaintiff in error.

The ATTORNEY GENERAL and Mr. F. J. GREEN and Mr. CHAS. F. TEW, for the people.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

An information against defendant containing two counts was filed in the county court of Weld

county. After a motion to quash was overruled, there was a trial resulting in a verdict of guilty under the first, and an acquittal of the second, count. Omitting formal matters, the first count charges that defendant did "unlawfully obstruct and injure and cause and procure to be obstructed and injured a certain public road and highway * * * by causing water to flow from certain drains, lateral ditches and artificial water courses, into and upon said road and public highway and into a pond * * * to such a height as to cause said pond to overflow into, across, over and upon said public highway and to remain standing thereon so as to cause said road and public highway to be obstructed, and so as to render said road and public highway inconvenient and dangerous to pass."

Several alleged errors of the trial court are argued, but only one—the insufficiency of the first count of the information—is considered, for its disposition requires a dismissal of the action. It is insisted by the attorney general that this count is based upon section 1357 Mills' Ann. Stats.; by defendant on section 3960, which, by necessary implication, operated as a repeal of the former. The former statute, *inter alia*, ordains that: "If any person shall obstruct or injure or cause or procure to be obstructed or injured, any public road or highway, * * * so as to render the same *inconvenient or dangerous to pass*," he shall, upon conviction, be fined, etc. The latter declares that no person or corporation shall "cause waste water, or the water from any ditch, road, drain or flume, or other place, to flow in or upon any road or highway so as to *damage* the same."

Section 1357 was passed by the territorial legislature in 1861, and is incorporated in the criminal code and has not been expressly repealed. Section 3960 was enacted by the general assembly of 1885

(Sess. Laws 1885, p. 325) and is an amendment of section 36 of the roads and highways act of 1883 (Sess. Laws 1883, p. 251).

The importance of this contention consists in the fact that if the proceeding is under 1357, that section makes the obstruction of the highway a crime; while if it is under section 3960 the penalty imposed for a violation of any of its provisions is made recoverable by a civil action of debt. Possibly section 1357 prohibits some acts not included in section 3960, and the earlier section may not be repealed in its entirety, even if, as to the same matters found in both, the later section by implication repeals the earlier. But we are clear that for an obstruction of a highway which results in damage to the same caused by turning waste water, or the water from any ditch, road, lateral, flume, or other place, so that it flows in or upon any road or highway, the offense, if ever therein included, is now withdrawn from the provisions of section 1357, and is to be governed by, and comes under, section 3960; and all penalties therefor are to be recovered as provided by section 3963, namely, by an action in the nature of debt.

It would seem that in drafting the information, the district attorney had before him section 3960, and intended to state an offense thereunder, and that it was not then his purpose to rely upon section 1357. For in setting forth the facts which constitute the obstruction he employed the very language found in section 3960. Were there any doubt about this, the uncertainty would be removed when we come to consider the evidence wherein it is shown that the overseer of the road district, in which this road is situate, notified defendant that he had been guilty of a violation of section 3960, and unless the obstruction was removed he would be proceeded against thereunder.

But it is said that section 1357 prohibits merely those obstructions of a highway which make the same "inconvenient or dangerous" to pass, while section 3960 forbids only such as cause it "damage;" and therefore the former applies to kinds of obstructions not covered by the latter. To this we reply that an obstruction which makes a highway inconvenient or dangerous to pass is also a damage to it. And the later enactment, which is directed against obstructions by flooding which "damage" a highway, includes all those obstructions which make it "inconvenient or dangerous" for travel. We think section 3960 was intended to, and did, supplant section 1357, so far as concerns obstructions of a highway resulting from an overflow of water.

It is further said that, even if section 3960 repeals section 1357, still at common law flooding of a highway is an offense, and that section 3963, which provides merely for a recovery of damages for the injury which the obstruction causes is not inconsistent with, and does not abolish the remedy in the nature of, a criminal proceeding for the same offense, as at common law, or an action to abate the nuisance. We think that, in view of our various statutes on the subject, our general assembly intended the remedy in damages to be exclusive for this particular kind of obstruction, and that a criminal prosecution either under section 1357, or as at common law, will not lie.

If such an obstruction may still be abated as a nuisance, and if such a judgment could be entered in this kind of action, it is clear that the order of the trial court to that effect is wrong. It is nowhere alleged, or proved, that defendant built, or is the owner, or in control, of the pond or reservoir from which the water backed up and covered this highway. Certainly the one whose property would be destroyed

by an order abating it as a nuisance is entitled to a hearing.

The judgment is reversed and the cause remanded with instructions to set aside the order abating the alleged nuisance, and to sustain the motion to quash, and to dismiss the action.

*Reversed.*